1  RUSSELL BROWN (SBN 297991)
   rablaw805@gmail.com
2  RBX Law
   924 Anacapa Street, Suite 1-T
3  Santa Barbara, California  93101
   Telephone:  (805) 635-7766
4  Fax: (805) 283-7564

   *Attorney for Plaintiff* ERIC BJORKLUND
5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10
    ERIC BJORKLUND,                      ) Case No.: 2:23-cv-2140
11                                        )
                                          ) **C O M P L A I N T   F O R**
12                        Plaintiff,      ) **DAMAGES AND DEMAND**
                                          ) **FOR JURY TRIAL**
13      vs.                               )
                                          )
14  COUNTY OF SANTA BARBARA,              )
                                          )
15  SANTA BARBARA COUNTY                  )
                                          )
16  SHERIFF'S OFFICE, BRAD WELCH,         )
                                          )
17  DREW SUGARS, JOYCE DUDLEY,            )
                                          )
    BILL BROWN, DOES 1-30                 )
18                                        )
                                          )
19                        Defendants.     )
    _____ )

20

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL
1

## INTRODUCTION

1. This is a complaint for money damages by Plaintiff Eric Bjorklund. Defendants caused Bjorklund's damages by unlawfully seizing his marijuana crop, closing his businesses, defaming him with false allegations, imprisoning him, maliciously prosecuting him, and seizing and damaging and/or failing to maintain his property. As a result of these actions, Bjorklund suffered additional damages, including loss of reputation, loss of freedom, emotional distress, and financial damage, including foreclosure on his property, forfeiture of property, damage to his credit, and tax obligations.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction for this action is conferred upon this court pursuant to 28 U.S.C. §§1331 and 1343, as it arises under 42 U.S.C. §1983.

3. The acts complained of arose in the Central District of California. Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants resides in or has its principal place of business in the Central District of California.

## THE PARTIES

4. At all relevant times herein, Plaintiff was a resident of Santa Barbara,

1  California.

2  5. At all relevant times, Defendant Santa Barbara County, ("COUNTY") was,

3  and is, a public entity authorized by law to establish certain departments,

4  responsible for enforcing the laws and protecting the welfare of the citizens

5  of the County of Santa Barbara.  At all relevant times, Defendant COUNTY

6  was, and is, ultimately responsible for overseeing the operation,

7  management, and supervision of the Sheriff's Office and District Attorney.

8  Defendant COUNTY is liable for the negligent and reckless acts of all of

9  these parties, personnel and entities, as described herein.

10  6. At all relevant times, Defendant SANTA BARBARA COUNTY SHERIFF

11  ("SBSO") was, and is, a public entity responsible for providing law

12  enforcement services for Defendant COUNTY.

13  7. At all relevant times, Defendant SBSO was, and is, the duly authorized law

14  enforcement agency in and for the County of Santa Barbara, California, and

15  was, and is, responsible for overseeing the operation, management, and

16  supervision of the SBSO employees in Santa Barbara County, California,

17  and is liable for the negligent and reckless acts of all employees, personnel,

18  and entities, including, but not limited to, Defendant Brad Welch, Defendant

19  Drew Sugars, and any DOES 1-10, inclusive ("Deputy Defendants").

20  8. At all relevant times, Defendant DREW SUGARS ("SUGARS") was and is

a natural person residing in Santa Barbara County, acting as the duly appointed spokesperson for SBSO, employed by Defendant COUNTY at Defendant SBSO. At all relevant times herein, SUGARS was an employee and/or agent of COUNTY and/or SBSO, acting at all relevant times within the scope of his employment with COUNTY and/or SBSO.

9. At all relevant times, Defendant BRAD WELCH ("WELCH") was and is a natural person residing in Santa Barbara County, acting as a duly appointed deputy employed by Defendant COUNTY at Defendant SBSO. At all relevant times herein, WELCH was an employee and/or agent of COUNTY and/or SBSO, acting at all relevant times within the scope of his employment with COUNTY and/or SBSO.

10. Upon information and belief, Defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein. The true names and identities of Defendants DOES 1-10 are presently unknown to Plaintiff. At all relevant times herein, Defendant DOES 1-10 were employees and/or agents of COUNTY and/or SBSO, acting at all relevant times within the scope of their employment with COUNTY and/or SBSO. Defendant DOES 1-10 include, inter alia, SBSO deputies or supervising employees and/or agents who were involved in any manner in the incidents alleged in this Complaint. Plaintiff will amend this Complaint

1    to allege their true names and capacities when they are ascertained.

2    11. At all relevant times, Defendant SHERIFF BILL BROWN, ("BROWN"),

3    was the Sheriff of Defendant COUNTY, and was responsible for hiring,

4    training, disciplining, supervising, operating, and managing SBSO, and was

5    further responsible for the policies, customs, and procedures used at

6    SBSO. Defendant BROWN is liable for the negligent and reckless acts of

7    the Deputy Defendants and SBSO.

8    12. At all relevant times, Defendant JOYCE DUDLEY, ("DUDLEY"), was the

9    District Attorney of Defendant COUNTY, and was responsible for

10   supervising, operating, and managing the Santa Barbara County District

11   Attorney's Office ("SBCDA"), and was further responsible for the policies,

12   customs, and procedures used at SBCDA. DUDLEY was also personally

13   responsible for the decision to prosecute Defendant. Defendant DUDLEY is

14   liable for the negligent and reckless acts of the following parties.

15   13. Upon information and belief, Defendants DOES 11-30 were each

16   responsible in some manner for the injuries and damages alleged herein.

17   The true names and identities of Defendants DOES 11-30 are presently

18   unknown to Plaintiff. At all relevant times herein, Defendant DOES 11-30

19   were employees and/or agents of COUNTY and/or the Santa Barbara

20   District Attorney, acting at all relevant times within the scope of their

1   employment with COUNTY and/or the District Attorney. Defendant DOES

2   11-30 include, inter alia, Deputy District Attorneys or supervising

3   employees and/or agents who were involved in any manner in the incidents

4   alleged in this Complaint. Plaintiff will amend this Complaint to allege their

5   true names and capacities when they are ascertained.

## **GENERAL ALLEGATIONS**

14. This action is brought under Title 42 U.S.C. §§1983, 1988 and the Fourth

    and Fourteenth Amendments of the United States Constitution and pursuant

    to the general laws of the United States.

15. Eric Bjorklund operated a medicinal marijuana collective in Santa Barbara

    County from 2007 to 2010. During that time, Bjorklund complied with all

    state and local laws with respect to the cultivation and sale of marijuana.

16. In 2010, former Deputy District Attorney Joshua Lynn ran against Joyce

    Dudley for Santa Barbara District Attorney. Bjorklund supported Lynn and

    donated money to his campaign. In June 2010, Dudley won the election and

    thereafter fired Lynn and began investigating and prosecuting Lynn's

    supporters.

17. On October 4, 2010, Santa Barbara County Sheriffs Deputies served search

    warrants at Plaintiff's properties located at 2960 San Marcos Pass Road in

    Santa Barbara and 1750 Tepesquet Road in Santa Maria. Deputies arrested

Bjorklund on a Ramey warrant. Bjorklund remained in SBSO custody at the Santa Barbara County Jail for approximately three months.

18. SBSO deputies destroyed hundreds of Plaintiff's lawfully possessed medicinal marijuana plants. They also seized Plaintiff's motorcycles, generators and money.

19. On the date the warrant was served, Bjorklund owned and resided at 2960 San Marcos Pass Road and co-owned 1750 Tepusquet Road (collectively "Plaintiff's Properties).

20. On October 6, 2010, District Attorney Joyce Dudley charged Bjorklund with multiple felonies, including money laundering and cultivation and sale of marijuana (case no. 1350611).

21. Santa Barbara Sheriff Detective Brad Welch authored the Ramey warrant for Plaintiff as well as the warrants for Plaintiff's Properties. The warrants were based on information that Welch obtained from Plaintiff's bank accounts.

22. Plaintiff did not consent to Welch's search of his bank accounts.

23. Welch alleged that he had obtained a warrant for Plaintiffs' bank records. Welch also alleged that Plaintiff had violated the state's marijuana laws. Both allegations were made in writing in public documents and both allegations are false.

24. Welch made these statements both before and after the criminal case against Plaintiff commenced.

25. In the criminal case against him, Plaintiff filed a motion to unseal Welch's warrant for his bank records. On March 22, 2022, the District Attorney dismissed the case because there was no warrant for Plaintiff's bank records.

26. On March 22, 2022, Bjorklund first learned that there was no search warrant for his bank records and therefore Welch had acted unlawfully in searching his bank records.

27. At the conclusion of the criminal case, the SBSO returned Bjorklund's property to him, including four generators and nine motorcycles they had seized in 2010.

28. The motorcycles had severe damage due to the SBSO's failure to properly store and maintain them. The SBSO stored the motorcycles in a storage container and failed to drain the bikes of gas and oil, resulting in damage to all of the seals, the entire fuel system, including the fuel lines, and the carburetors.

29. The generators were completely destroyed due the SBSO's failure to properly store and maintain them. The SBSO did not empty the gas lines and stored the generators outside.

30. The SBSO did not return five of Plaintiff's personal firearms.

31. Bjorklund suffered damages as a result of Defendants' wrongful conduct, including:

    1. Loss of marijuana crop;

    2. Loss of liberty, pain and suffering, and emotional distress while Plaintiff was in jail;

    3. Loss of liberty and property because he was ordered to turn over his passport based on the false allegations;

    4. Loss of property because his home, located at 2960 San Marcos Pass Road, was foreclosed on while he was in jail. Bjorklund was unable to make the mortgage payments because his bank accounts were seized by the SBSO, and because he was in jail and unable to generate income or access his assets. The foreclosure cost Bjorklund over $400,000 in equity, loss of his tax base, and loss of an asset that has since appreciated substantially in value;

    5. Loss of rental income because Bjorklund was renting out part of his home and lost this income when his house was foreclosed upon;

    6. Loss of income from his medicinal marijuana business;

    7. Loss of income from his businesses because Bjorklund was incarcerated and unable to run the business and because of the

damage that the SBSO did to his reputation;

8. Reputation damage because caused by the SBSO's defamatory statements. Prior to his arrest Bjorklund had an outstanding reputation among his social group and the community. The damage to Bjorklund's reputation was severe: his bookkeeper quit and would no longer talk to him; his girlfriend at the time left him, his customers did not want to hire him; his relationship with his ex-wife and children was harmed;

9. Loss of property because five of Bjorklund's guns have not been returned to him from the SBSO;

10. Loss of property because four generators that were seized by the SBSO were severely damaged resulting in a total loss;

11. Loss of property because Bjorklund's money was seized by SBSO;

12. Emotional harm because his financial security evaporated, he lost faith in people because the District Attorney and the SBSO, those tasked with protecting him, had unlawfully seized his business and property. This caused Bjorklund extreme stress and he became very depressed about life and his future. Bjorklund experienced extreme stress and emotional harm for the duration of the criminal case - almost 11.5 years;

13. Medical expenses because after Bjorklund was released from jail, he had heart issues resulting from stress of being in jail and facing false prosecution. Bjorklund did not have heart issues before his arrest;

14. Loss of property because he was deprived of use and enjoyment of nine motorcycles and when the motorcycles were returned to him they were severely damaged;

15. Loss of quality of life because Bjorklund was fighting a serious criminal case for 11.5 years;

16. Economic damages because while he was incarcerated Bjorklund was unable to pay his taxes and incurred a tax debt;

17. Economic damages because while he was incarcerated Bjorklund was unable to make payments on his vehicle and it was repossessed;

18. Economic damages including appreciation and interest;

19. Economic damages and damages to his credit because while he was incarcerated Bjorklund was unable to make his credit card payments;

32. Defendants' wrongful conduct was a direct and proximate cause of Plaintiff's damages.

## FIRST CLAIM FOR RELIEF

## UNREASONABLE SEARCH AND SEIZURE

## (42 U.S.C. § 1983)

**Against WELCH, and DOES 1-10**

33. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

34. The aforementioned acts and/or omissions of the Defendants as alleged herein, including but not limited to the unlawful search of Plaintiff's bank accounts and subsequent unlawful search and seizure of Plaintiff's Properties violated Plaintiff's rights as protected by the Fourth Amendment by way of the Fourteenth Amendment of the United States Constitution.

35. As a direct and proximate of Defendants' acts and omissions, Plaintiff suffered damages as alleged herein.

36. Defendants' acts were malicious, reckless and/or accomplished with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

**SECOND CLAIM FOR RELIEF**

**FALSE ARREST**

**(42 U.S.C. § 1983)**

**Against WELCH, and DOES 1-10**

37. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

38. The aforementioned acts and/or omissions of the Defendants as alleged

herein, including but not limited to the unlawful arrest of Plaintiff flowing from the unlawful search of his bank accounts, constitute a false arrest which violated Plaintiff's rights as protected by the Fourth Amendment by way of the Fourteenth Amendment of the United States Constitution.

39. As a direct and proximate of Defendants' acts and omissions, Plaintiff suffered damages as alleged herein.

40. Defendants' acts were malicious, reckless and/or accomplished with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

## THIRD CLAIM FOR RELIEF

## WRONGFUL/MALICIOUS PROSECUTION

## (42 U.S.C. § 1983)

## Against DUDLEY, and DOES 11-30

41. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

42. The aforementioned acts and/or omissions of the Defendants as alleged herein, including but not limited to the prosecution of Plaintiff by Defendants in retaliation for Plaintiff supporting a political opponent, violated Plaintiff's right to be free from malicious prosecution and violated Plaintiff's due process and probable cause rights as guaranteed by the

1 Fourth Amendment by way of the Fourteenth Amendment of the United

2 States Constitution.

3 43. Based on information and belief, Dudley and Does 11-30 conspired to

4 deprive Plaintiff of his rights.

5 44. As a direct and proximate of Defendants' acts and omissions, Plaintiff

6 suffered damages as alleged herein.

7 45. Defendants' acts were malicious, reckless and/or accomplished with

8 conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an

9 award of exemplary and punitive damages according to proof.

10 **FOURTH CLAIM FOR RELIEF**

11 **VIOLATION OF DUE PROCESS RIGHTS**

12 **(42 U.S.C. § 1983)**

13 **Against WELCH, DUDLEY, SUGARS, and DOES 1-30**

14 46. Plaintiff repeats, repleads, and incorporates by reference, as though fully

15 set forth in this paragraph, all the allegations of this Complaint.

16 47. The aforementioned acts and/or omissions of the Defendants as alleged

17 herein, including but not limited to the prosecution of Plaintiff by

18 Defendants in retaliation for Plaintiff supporting a political opponent, the

19 arrest of Plaintiff without cause, the wrongful destruction of Plaintiffs

20 property, and the defamation of Plaintiff before and during the criminal case

violated Plaintiff's right to be free from malicious prosecution and violated Plaintiff's due process and probable cause rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

48. As a direct and proximate of Defendants' acts and omissions, Plaintiff suffered damages as alleged herein.

49. Defendants' acts were malicious, reckless and/or accomplished with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

## FIFTH CLAIM FOR RELIEF

## DEFAMATION

## Against SBSO, SUGARS, BROWN, and DOES 1-10

50. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

51. After Bjorklund's arrest, the Santa Barbara Sheriff's Office, through their spokesperson Drew Sugars, made a number of public statements about Bjorklund that were published in local papers. These statements were published on the internet and remain on the internet to this date. These included but are not limited to statements that Bjorklund was involved in drug trafficking, that he was operating under the guise of legally growing medical marijuana and exploiting the state's marijuana laws, that Bjorklund

had endangered children, that Bjorklund was operating a marijuana cocktail brewing facility, and that Bjorklund's conduct "was just a straight-up drug trafficking operation - purely to make money."

52. Defendants statements were false and meant to defame.

53. Defendants made the false statements knowing they would be published on the internet and would therefore continuously harm Plaintiff's reputation.

54. Defendants knew the statements were false when they made them.

55. Bjorklund suffered damage as described herein, including harm to his reputation, his social life, and his business as a result of Defendants' defamatory statements.

56. Defendants acted with malice and oppression with regard to the defamatory statements they made and published regarding Bjorklund.

57. As a direct and proximate cause of Defendants' defamatory statements, Bjorklund suffered damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

## SUPERVISOR AND MUNICIPAL LIABILITY

## (Monell - 42 U.S.C. § 1983)

## Against Defendants COUNTY, BROWN, DUDLEY, and SBSO

58. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

59. Defendants' violations of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful search and seizure, false arrest, malicious prosecution, and violation of his due process rights were the direct and proximate cause of Defendants maintaining longstanding customs, policies, and practices and/or procedures which tolerate and condone Defendants' violations set forth herein.

60. Defendants longstanding customs, policies practices and/or procedures include but are not limited to Defendants' standard operating procedures as well as accepted practices.

61. With respect to SBSO and BROWN, said customs, policies, practices, and/ or procedures include: inter alia: an ongoing pattern of condoning and having a deliberate indifference towards citizens' constitutional rights in connection with the following acts committed by Deputy Defendants: (1) the conforming of false testimony, evidence or reports by all deputies involved in an incident to conceal constitutional violations and protect one or more of them from consequences including criminal prosecution, civil liability, and administrative discipline; (2) the performance of sham or deficient investigations of allegations of deputies misconduct designed to allow deputies' misconduct to escape detection; (3) the ratification of misconduct to avoid referral for criminal prosecution; (4) the publication of

false statements regarding criminal suspects with intent to harm the suspect's reputation or reckless disregard to the suspect's reputation; (5) the public denial or minimization of problems of dishonesty.

62. Defendants BROWN and SBSO knew or should have known that deputies were regularly engaging in the conduct above and that deputies had a pattern and practice of doing so.

63. Defendants COUNTY, BROWN and SBSO have a pattern of failing to properly screen applicants and hiring persons psychologically unfit for duty.

64. Defendants COUNTY, BROWN and SBSO generally fail to train and supervised deputies, including Deputy Defendants.

65. Defendants COUNTY, BROWN and SBSO generally fail to discipline deputies for misconduct, including Deputy Defendant.

66. Defendants COUNTY, BROWN and SBSO caused Plaintiff's injuries by having a deliberate indifference towards citizens constitutional rights and condoning the misconduct of defendants, including Deputy Defendants.

67. With respect to DUDLEY, said customs, policies, practices, and/or procedures include: inter alia: an ongoing pattern of condoning and having a deliberate indifference towards Bjorklund's constitutional rights in connection with the following acts committed by DOES 11-30: (1) the malicious and aggressive prosecution of Bjorklund for 11.5 years.

68. DUDLEY was the policy maker for the SBCDA at the time an as such was responsible for the policy of maliciously prosecuting Bjorklund.

69. DUDLEY had a duty to maintain and create policies which address and cure the problems of malicious prosecution.

70. As a result of the foregoing conduct by Defendants, Plaintiff suffered damages as described herein.

71. Plaintiff's damages were a direct and proximate cause of COUNTY, BROWN, SBSO, and DUDLEY's acts and omissions and described herein.

72. Defendants conduct demonstrates a deliberate indifference on the party of policy makers of COUNTY to the constitutional rights of person within the COUNTY and were a moving force behind the violations of Plaintiff's rights alleged herein.

73. Defendants expressly or tacitly encouraged the conduct of Deputy Defendants and DOES 11-30, knowing such conduct would result in a violation of Plaintiff's constitutional rights.

## **SEVENTH CLAIM FOR RELIEF**

### **Intentional Infliction of Emotional Distress**

### **Against DUDLEY, WELCH, SUGARS, and DOES 1-30**

74. Plaintiff repeats, repleads, and incorporates by reference, as though fully set forth in this paragraph, all the allegations of this Complaint.

75. Defendants' conduct as alleged herein was outrageous. Defendants' investigation, arrest, incarceration, defamation, and prosecution of Plaintiff, without cause, and for political retaliation was outrageous. Defendants SBSO, WELCH, and DOES 1-10 conduct in searching, seizing, withholding, failing to maintain, and destroying Plaintiff's property, while they were in custody of such property, was outrageous.

76. Defendants engaged in this conduct with the intent to cause Plaintiff emotional distress and/or with reckless disregard of whether Plaintiff would suffer emotional distress.

77. Plaintiff suffered severe emotional distress and injury as described herein. Plaintiff suffered from the emotional distress caused by being unjustly targeted, defamed, and prosecuted by Defendants.

78. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

79. Defendants' conduct warrants an award of punitive damages because Defendants' conduct was willful, malicious, and oppressive.

### **PRAYER FOR RELIEF**

Plaintiff prays this Court enter judgment as follows:

80. For general damagers according to proof;

81. For special damages according to proof;

82. For damages for personal and bodily injury, pain and suffering, expenses, and emotional distress under the applicable causes of action;

83. For economic damages;

84. For loss of use and property damage;

85. For statutory damages and penalties;

86. For attorneys fees pursuant to statute;

87. For punitive and exemplary damages in an amount to punish Defendants' wrongful conduct;

88. For prejudgment interest on the amount of any damages awarded;

89. For the costs of suit; and

90. For such further relief as the Court deems just and proper.


Respectfully submitted,

Dated: March 22, 2023

_____/s/_____
Russell Brown
RBX Law
Attorney for Plaintiff ERIC BJORKLUND

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues.


Dated: March 22, 2023

_____/s/_____
Russell Brown
RBX Law
Attorney for Plaintiff ERIC BJORKLUND