# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BJORKLUND,<br><br>　　Plaintiff,<br>v.<br>COUNTY OF SANTA BARBARA *et al.*,<br><br>　　Defendants. | Case No.: CV 23-2140-CBM-RAOx<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT   [21]** |

The matter before the Court is Defendants County of Santa Barbara, Santa Barbara County Sheriff's Office, Brad Welch and Drew Sugars' (collectively, "Defendants'") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 21 (the "Motion").)  The matter is fully briefed.  (Dkt. Nos. 24, 25.)

## I.   BACKGROUND

This is a civil rights case filed by Plaintiff Eric Bjorklund against Defendants County of Santa Barbara (the "County"), Santa Barbara County Sheriff's Office ("SBSO"), Brad Welch, and Drew Sugars.  On May 22, 2023, Plaintiff filed a First Amended Complaint ("FAC") as a matter of right.  (Dkt. No. 13.)  On September 13, 2023, Plaintiff filed a Second Amended Complaint

("SAC"),[1] which asserts the following causes of action: (1) violation of the First Amendment, 42 U.S.C. § 1983, against all Defendants; (2) violation of the Second and Fourth Amendments, 42 U.S.C. § 1983, against Entity Defendants;[2] (3) violation of Fourth and Fifth Amendments, 42 U.S.C. § 1983, against all Defendants; and (4) violation of Eighth Amendment, 42 U.S.C. § 1983, against all Defendants. (Dkt. No. 20.)

## II. STATEMENT OF THE LAW

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Labels and conclusions are insufficient to meet the Plaintiff's obligation to provide the grounds of his or her entitlement to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper. *Id.*

---

[1] The Court approved the parties' stipulation for Plaintiff to file a second amended complaint. (Dkt. Nos. 18, 19.)

[2] The SAC refers to County of Santa Barbara and Santa Barbara County Sheriff's Office as "Entity Defendants." (SAC ¶ 8.)

A court may consider the allegations contained in the pleadings, exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Materials whose contents are alleged in the complaint may also be considered by the Court for purposes of a motion to dismiss. *See Thomas v. Walt Disney Co.*, 337 Fed. App'x. 694, 694-95 (9th Cir. 2009); *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III.   DISCUSSION

**A.   Defendant Sugars**

Defendants move to dismiss Plaintiff's claims against Defendant Sugars (first, third, and fourth causes of action for violations of First Amendment, Fourth and Fifth Amendments, and Eighth Amendment under 42 U.S.C. § 1983, respectfully) on the ground the SAC alleges no factual allegations against Sugars.

The SAC does not include specific allegations regarding Defendant Sugars other than that he is an SBSO deputy. All other allegations in the SAC regarding conduct by "deputy defendants" or "Co-conspirators" are made upon information and belief. (*See* SAC ¶¶ 16-19.) Such conclusory allegations made upon information and belief without specific factual allegations regarding Sugar's involvement in any of the alleged misconduct giving rise to this lawsuit are insufficient to state a claim against Sugars. *See Twombly*, 550 U.S. at 551, 566; *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926-27 (9th Cir. 2013) (citing *Iqbal*, 556 U.S. at 686). Accordingly, the Court dismisses the SAC as to all claims asserted against Sugars with leave to amend.

**B.   First Amendment (First Cause of Action)**

Defendants move to dismiss Plaintiff's first cause of action under 42 U.S.C. § 1983 for violation of the First Amendment against Defendants Welch and

3

1  Sugars. Plaintiff contends even if there was probable cause for his 2010 arrest and
2  prosecution, a narrow exception to that rule that a plaintiff must generally plead
3  and prove the absence of probable cause when asserting a First Amendment
4  retaliatory arrest and prosecution claim applies where officers have probable cause
5  to make an arrest but typically exercise their discretion not to do so. Plaintiff
6  relies on *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019), in arguing this narrow
7  exception applies here because even if there was probable cause for his arrest, he
8  was arrested and prosecuted on a charge rarely if ever prosecuted which suggests a
9  retaliatory prosecution for Plaintiff having exercised his First Amendment rights.

10        Here, Plaintiff's First Amendment cause of action is a retaliatory
11  prosecution claim, not a retaliatory arrest claim. (*See* SAC ¶ 25 ("Plaintiff is
12  informed and believes and thereon alleges that the conduct of each defendant
13  violated Plaintiff's free speech rights via the retaliatory criminal prosecution.").)
14  The narrow exception to the no probable cause requirement set forth in *Nieves*
15  applies to retaliatory arrest claims. *See Nieves*, 139 S. Ct. at 1727. Plaintiff does
16  not cite to any cases applying *Nieves*'s narrow exception to retaliatory prosecution
17  claims. Even assuming *Nieves*'s narrow exception to the no-probable cause
18  requirement applies to retaliatory prosecution cases, here the SAC alleges
19  "Plaintiff is *informed and believes* and based thereon alleges that before 2010 and
20  Co-conspirators' awareness of Plaintiff's support of Joshua Lynn in the June 2010
21  primary election, never before had SB County law enforcement officials brought
22  criminal charges against a marijuana cultivation and distribution business that
23  purported to operate in compliance with state law authorizing such businesses."
24  (SAC ¶ 25 (emphasis added).) There are no other allegations in the SAC
25  supporting Plaintiff's allegation on information and belief that other individuals
26  operating marijuana distribution businesses have not been criminally charged, nor
27  any allegations that other individuals who did not support Joshua Lynn's 2010
28  election were not criminal charged. Therefore, the SAC fails to allege sufficient

nonconclusory facts that *Nieves*'s narrow exception to the no probable cause requirement applies to Plaintiff's First Amendment retaliatory prosecution claim under § 1983. *Cf. Capp*, 940 F.3d at 1057. Accordingly, the Court dismisses Plaintiff's § 1983 First Amendment claim (first cause of action) against Defendants Sugars and Welch with leave to amend.

**C.     Fourth Amendment (Third Cause of Action)**

Defendants also move to dismiss Plaintiff's § 1983 claim for violation of the Fourth Amendment against Defendants Welch and Sugars.

To the extent the SAC asserts a Fourth Amendment violation based on judicial deception, a plaintiff must allege the officer "made deliberately false statements or recklessly disregarded the truth in the affidavit" and that the falsifications were "material" to the probable cause finding to state a Fourth Amendment judicial deception claim. *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). Therefore, a plaintiff must allege that "without the dishonestly included or omitted information, the magistrate would not have issued the warrant. Put another way, the plaintiff must establish that the remaining information in the affidavit is insufficient to establish probable cause." *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995), *as amended on denial of reh'g* (Dec. 5, 1995); *see also Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997). Here, the SAC does not include non-conclusory facts that Defendant Welch made deliberately false statements or recklessly disregarded the truth in his probable cause affidavit. *See Newt v. Kasper*, 85 F. App'x 37, 38 (9th Cir. 2003); *Cotti v. Pa Chang*, 2020 WL 2572771, at *12 (N.D. Cal. May 21, 2020). Even assuming the SAC sufficiently alleges Welch deliberately omitted or reckless disregarded the fact that the Santa Barbara District Attorneys' Office had previously found Plaintiff was not in violation of state law with respect to his marijuana business in 2007, the Court finds this allegedly omitted fact was not material to the finding of probable cause in 2010 because the probable cause

affidavit dated October 1, 2010 identifies several fly-overs conducted by SBSO in 2008-2010 regarding marijuana growth on Plaintiff's property, three confidential informants who provided information to SBSO detectives regarding Plaintiff's cultivation of marijuana on his property, information from bank records regarding large deposits in Plaintiff's accounts, surveillance of individuals associated with Plaintiff who entered marijuana dispensaries, and statements that the conduct observed and information from confidential informants were consistent with illegal marijuana operations based on Welch's training and experience.  (*See* SAC Ex. 2.)  *See Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997), *as amended* (Oct. 9, 1997); *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1008 (E.D. Cal. 2022). Therefore, the SAC fails to plead sufficient facts regarding omissions that were material to the probable cause finding for the search warrant in 2010 to state a § 1983 claim for violation of the Fourth Amendment based on judicial deception. *See Lombardi*, 117 F.3d at 1126.

      Defendants also argue to the extent Plaintiff's § 1983 Fourth Amendment claim is based on Welch allegedly obtaining Plaintiff's bank records unlawfully and the use of those bank records to support his statement of probable cause to obtain the search warrant in Exhibit 2 attached to the SAC, that claim fails because the exclusionary rule does not apply to § 1983 cases.  Here, the SAC alleges upon information and belief that "[w]ithout a warrant or other lawful legal process and without prior notice to Plaintiff, Welch unlawfully obtained Plaintiff's confidential bank account records from Santa Barbara Bank and Trust in Santa Barbara. (See Exhibit 1, unsigned search warrant dated August 17, 2010.). Using that unlawfully obtained information reflecting banking transactions between October 6, 2008 and June 10, 2010, Welch then fabricated probable cause for issuance of a multi-location search warrant that included Plaintiff's business and residential properties (SW #6980 dated October 1, 2010; executed October 4,

2010, attached hereto as Exhibit 2.)." (SAC ¶ 19(A).) Information from the bank account records obtained by Defendant Welch which Plaintiff alleges was obtained unlawfully, cannot be the basis for finding Welch's affidavit for the search warrant dated October 1, 2010 lacked probable cause. *See Lingo v. City of Salem*, 832 F.3d 953, 959-60 (9th Cir. 2016). Therefore, Plaintiff cannot state a § 1983 claim for violation of the Fourth Amendment based on information from bank account records included in Welch's probable case affidavit dated October 1, 2010.

Plaintiff contends the SAC pleads sufficient facts to state a claim for violation of the Fourth Amendment because Plaintiff's vehicles and firearms were seized during execution of the October 2020 search warrant even though such seizures were not authorized by the warrant, and therefore the warrantless seizures of Plaintiff's vehicles and firearms were unconstitutional and per se unreasonable. However, the SAC does not allege Plaintiff's vehicles and firearms were seized without a warrant. (*See* SAC ¶ 19(F) (alleging on information and belief that "[u]nder cover of the aforementioned unlawfully obtained warrants, SBSO deputies . . . seized Plaintiff's other property, including motorcycles, generators, automobiles, firearms, business records, farm equipment, and money").) Therefore, the SAC fails to state a claim for violation of the Fourth Amendment under § 1983 based on any alleged warrantless seizure of Plaintiff's vehicles and firearms.

Accordingly, the Court dismisses Plaintiff's 42 U.S.C. § 1983 claim for violation of the Fourth Amendment (third cause of action) against Defendants Sugars and Welch with leave to amend.

**D.    Fifth Amendment (Third Cause of Action)**

Defendants also move to dismiss Plaintiff's § 1983 claim for violation of the Fifth Amendment against Defendants Welch and Sugars (third cause of action). Here, the SAC alleges Welch and Sugars are SBSO deputies. (*See* SAC ¶

12.) "[T]he Fifth Amendment's due process clause only applies to the federal government," not local law enforcement officers. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *see also Santa Ana Police Officers Ass'n v. City of Santa Ana*, 723 F. App'x 399, 402 (9th Cir. 2018); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.4 (9th Cir. 2005). Therefore, the Court dismisses Plaintiff's § §1983 claims for violation of the Fifth Amendment (third cause of action) against Defendants Sugars and Welch without leave to amend.[3]

### E. Eighth Amendment (Fourth Cause of Action)

Defendants also move to dismiss Plaintiff's fourth cause of action which asserts a § 1983 claim for violation of the Eighth Amendment against Defendants Welch and Sugars based on the allegedly excessive bail amount set by Santa Barbara Superior Court in Plaintiff's criminal case.

"The opening clause of the Eighth Amendment" provides "[e]xcessive bail shall not be required." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). A plaintiff must show that the bail was enhanced "for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set" in order to prevail on an excessive bail claim. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 661 (9th Cir. 2007). Moreover, even if the bail amount is excessive, "California vests judicial officers with the exclusive authority to enhance or reduce bail," and "a judicial officer's exercise of independent judgment in the course of his official duties" in setting bail "is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision" for purposes of an excessive bail

---

[3] Plaintiff contends the Fifth Amendment's due process clause is applicable to Defendants "via the Fourteenth Amendment" and that "defendants destroying Plaintiff's medicinal cannabis plants . . . without providing Plaintiff notice and opportunity to be heard, violated Plaintiff's . . . Fourteenth Amendment due process rights." (Opp. at 9, 10.) However, the SAC does not assert a Fourteenth Amendment claim. Plaintiff is not precluded from amending the complaint to assert a § 1983 Fourteenth Amendment due process claim.

claim under §1983. *Id*. at 663. Therefore, officers "can be liable for [a defendant's] allegedly excessive bail only if they prevented the [judicial officer] from exercising his independent judgment." *Id*. at 633-64 (A plaintiff must show that officers "deliberately or recklessly misled" the judicial officer, and that the "bail would not have been unconstitutionally excessive but for the officers' misrepresentations."). Here, the SAC includes only two allegations both made on information and belief that "Co-conspirators" provided false information to the Superior Court and that the state court relied on the false information in setting the bail amount. (*See* SAC ¶¶ 19, 32.) The SAC fails to allege facts demonstrating the Superior Court judge was prevented from exercising his independent judgment in setting Plaintiff's bail amount in order to state a claim for violation of the Eighth Amendment. Accordingly, the Court dismisses Plaintiff's § 1983 claim for violation of the Eighth Amendment (fourth cause of action) against Defendants Welch and Sugars with leave to amend.

**F.     Conspiracy**

Each of Plaintiff's § 1983 claims for violation of his First, Fourth, Fifth, and Eighth Amendment rights are based on an alleged civil conspiracy. Plaintiff argues "[b]ecause the exact details of the information known and shared by the conspirators is peculiarly with the possession and control of the defendant[s], Plaintiff's allegations are sufficient to hold the individual defendants liable" under § 1983 for conspiracy based on *Twombly*'s pleading standards, relying on a footnote in the Ninth Circuit's decision in *Soo Park v. Thompson*, wherein the Ninth Circuit noted:

> Despite the fact that Park's complaint pleads a claim for civil conspiracy under Section 1983, the district court erroneously construed her conspiracy claim as a Section 1985 claim, apparently on the assumption that conspiracy claims must be brought under that section. The law is to the contrary. [I]t is permissible to state a civil cause of action for conspiracy, based on § 1983. Hence, the fact that conspiracy is alleged here does not mean that the plaintiff is invoking § 1985(3). The district court was incorrect to treat Park's conspiracy claim as a Section 1985 claim, given that she pleaded this claim

1 | under Section 1983 as permitted by our precedents and did not allege any racially or otherwise invidiously discriminatory animus behind the conspirator's action as required under Section 1985(2), (3).

851 F.3d 910 n.7 (9th Cir. 2017). However, the issue here is not whether a civil conspiracy claim exists under § 1983, but rather whether Plaintiff pleads sufficient facts to state a claim for civil conspiracy to violate Plaintiff's civil rights under § 1983. Unlike in *Park* where the complaint alleged some facts in additional to allegations made on information and belief, here the SAC alleges vague and conclusory facts made upon information and belief without independent supporting facts. The SAC fails to plead any nonconclusory facts suggestive of an agreement to engage in illegal conduct rather than merely parallel conduct to satisfy *Twombly*'s plausibility pleading standard. *See Twombly*, 550 U.S. at 556–57; *Woodrum*, 866 F.2d at 1126. Therefore, Plaintiff fails to state sufficient facts to state a claim under § 1983 claims against Defendants Sugars and Welch for violation of his First, Fourth, Fifth, or Eighth Amendment rights based on a civil conspiracy.

**G.     *Monell* (First, Second, Third, and Fourth Causes of Action)**

Plaintiff also asserts *Monell* claims against the County and SBSO for violation of the First Amendment (first cause of action), Second and Fourth Amendments (second cause of action), Fourth and Fifth Amendments (third cause of action), and Eighth Amendment (fourth cause of action). Plaintiff's *Monell* claims are based on Defendants' alleged knowledge of the purported misconduct against Plaintiff and ratification of such conduct based on Defendants' alleged inaction. (*See* SAC ¶¶ 22-23.) However, a *Monell* ratification claim cannot be based solely on a defendant's knowledge of a constitutional violation and failure to take corrective action. *See Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Clouthier v. Cnty. of Contra Costa,* 591 F.3d 1232, 1253-54 (9th Cir. 2010), *overruled on other grounds* in *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc); *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir.

2004); *McDougal v. Cnty. of Orange*, 2022 WL 10789292, at *4–5 (C.D. Cal. Sept. 14, 2022); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 939 (S.D. Cal. 2022); *Huemer v. Santa Cruz Cnty. Animal Shelter Found.*, 2022 WL 6837714, at *5 (N.D. Cal. Oct. 11, 2022).[4]

Moreover, Plaintiff relies solely on paragraphs 22 and 23 of the SAC in arguing he has sufficiently pled a *Monell* claim.[5] Plaintiff cites to *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621 (9th Cir. 1988), in arguing he need not allege anything other than that Defendants acted based on a policy, practice or custom to state a *Monell* claim. In *Karim-Panahi*, the Ninth Circuit noted: "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss "even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *Id*. at 624 (citing *Shah v. Cnty. of Los Angeles,* 797 F.2d

---

[4] None of the cases or authority cited by Plaintiff supports *Monell* liability on a ratification theory based on a failure to act. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093–94 (9th Cir. 1998); *Silva v. San Pablo Police Dep't*, 805 F. App'x 482, 485 (9th Cir. 2020); Ninth Circuit Model Civil Jury Instruction No. 9.7, Comments.

[5] Only paragraph 22 of the SAC (not paragraph 23) references a policy, practice or custom. (*See* SAC ¶ 22 (alleging "a pre-existing policy or practice to deliberately ignore misconduct of the type Plaintiff herein alleges").) The only other reference to a policy, custom or practice alleged in the SAC is set forth in paragraph 27, wherein Plaintiff alleges: "The ongoing refusal to return to Plaintiff his lawfully acquired and lawfully owned five firearms, violates Plaintiff's Second and Fourth Amendment rights. The ongoing refusal is pursuant to Entity defendants' policy practice or custom *not* to return firearms that SBSO deputies seize to their owners, even though (a) the firearms are not contraband or evidence and crime." (SAC ¶ 27.) However, Plaintiff does not rely on paragraph 27 of the SAC for his *Monell* claims in his opposition. Even if the Court considered paragraph 27 of the SAC for purposes of analyzing Plaintiff's *Monell* claims, paragraph 27 fails to establish a longstanding custom, policy, or practice as required to state a *Monell* claim. *See Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) (citing *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021); *AE ex rel. Hernandez*, 66 F.3d at 636; *Reynoso*, 469 F. App'x at 564; *accord Hensley v. City of Upland, CA*, 2021 WL 1585212, at *4 (C.D. Cal. Mar. 1, 2021); *Bagley v. City of Sunnyvale*, 2017 WL 5068567, at *6 (N.D. Cal. Nov. 3, 2017); *Godoy v. Cty. of Sonoma*, 2015 WL 4881348, at *4 (N.D. Cal. Aug. 14, 2015); *Goodman v. Los Angeles Police Dep't*, 2013 WL 12145812, at *4 (C.D. Cal. Nov. 21, 2013); *Eng v. Pac. Clinics*, 2013 WL 12129611, at *3 (C.D. Cal. May 17, 2013).

743, 747 (9th Cir. 1986)). However, following *Karin-Panahi*, the Ninth Circuit adopted *Twombly* and *Iqbal*'s pleading standards for *Monell* claims. *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Therefore, applying *Iqbal* and *Twombly*'s pleading standards to Plaintiff's *Monell* claims, the vague allegations in the SAC regarding Defendants' failure to act in response to knowledge of alleged misconduct pursuant to an alleged policy or practice made upon information and belief without independent supporting facts (*see* SAC ¶¶ 22, 23), are conclusory recitations of the elements of a *Monell* claim and are insufficient to give Defendants "fair notice and enable the opposing party to defend [themselves] effectively" as to the policy, custom or practice on which Plaintiff's *Monell* claims are based. *See AE ex rel. Hernandez*, 666 F.3d at 636-37; *Twombly*, 550 U.S. at 551, 555, 566; *Blantz*, 727 F.3d at 926-27.[6]

Accordingly, the Court dismisses Plaintiff's *Monell* claims (first, second, third, and fourth causes of action) with leave to amend. *See AE ex rel. Hernandez*, 666 F.3d at 637-38.

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** County Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint as follows:

1. The Motion to Dismiss is **GRANTED** as to Plaintiff's 42 U.S.C. § 1983 claim for violation of the First Amendment (first cause of action) against Defendants Sugars and Welch **with leave to amend**;

2. The Court **GRANTS** the Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim for violation of the Fourth Amendment (third cause of action) against Defendants Sugars and Welch **with leave to amend**;

---

[6] *Cf. Winger v. City of Garden Grove*, 2013 WL 12376992, at *4 (C.D. Cal. Aug. 12, 2013); *B.R.S. v. City of Palm Springs*, 2013 WL 12473618, at *4 (C.D. Cal. Nov. 22, 2013); *Mateos-Sandoval v. Cnty. of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013), *aff'd sub nom. Sandoval v. Cnty. of Sonoma*, 591 F. App'x 638 (9th Cir. 2015), *opinion amended and superseded on denial of reh'g*, 599 F. App'x 673 (9th Cir. 2015), and *aff'd sub nom. Sandoval v. Cnty. of Sonoma*, 599 F. App'x 673 (9th Cir. 2015).

3. The Motion to Dismiss is **GRANTED** as to Plaintiff's 42 U.S.C. § 1983 claim for violation of the Fifth Amendment (third cause of action) against Defendants Sugars and Welch **without leave to amend**; provided, however, Plaintiff, consistent with his obligations under Fed. R. Civ. Proc. 11, is not precluded from amending the complaint to assert a § 1983 Fourteenth Amendment due process claim;

4. The Motion to Dismiss is **GRANTED** as to Plaintiff's 42 U.S.C. § 1983 claim for violation of the Eighth Amendment (fourth cause of action) against Defendants Sugars and Welch **with leave to amend**; and

5. The Motion to Dismiss is **GRANTED** as to Plaintiff's *Monell* claims against the County of Santa Barbara and Santa Barbara County Sheriff's Office (first, second, third, and fourth causes of action) **with leave to amend**.

**IT IS SO ORDERED.**

DATED: January 30, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE